IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Dannie Lee Bartoe, Jr.,

    Plaintiff,

v.

Michael J. Astrue,
Commissioner of Social Security,

    Defendant.

Case No. 2:08-cv-907

JUDGE SARGUS

## ORDER

This matter is before the Court to consider de novo the plaintiff's objections to a Report and Recommendation of the Magistrate Judge recommending that judgment be entered in favor of the Commissioner. The Commissioner has filed a response. For the following reasons, those objections will be overruled and judgment will be entered for the defendant.

Plaintiff raises the following objections. First, he contends that he was not given a fair hearing before the Administrative Law Judge when, after the ALJ criticized the vocational expert and she then altered her testimony, the ALJ concluded the hearing without allowing for additional cross-examination of that expert. Second, he asserts that the underlying decision, to the extent that it relies on what was at times confusing and contradictory testimony from the vocational expert, lacks substantial support in the record. He also asserts that it was error for the Commissioner not to obtain the opinion of a medical expert on the issue of medical equivalency.

As the Commissioner's response points out, however, and as the Magistrate Judge found, by the conclusion of the administrative hearing, any confusion in the vocational expert's testimony had been cleared up, and the vocational expert testified that, even if plaintiff had all of the limitations imposed by Dr. Thompson, who expressed the most pessimistic opinion about plaintiff's physical abilities, there were a substantial number of jobs that the plaintiff could perform. The record further reflects that counsel at the administrative hearing was given an adequate opportunity to conduct cross-examination on this issue. Therefore, the first two issues

raised in the objections lack merit.

The remaining issue is whether the case should be remanded in order to allow the Commissioner to obtain medical testimony on the issue of whether plaintiff's impairment equaled a Listed impairment. This is a case where retention of a medical expert was discretionary. Essentially for the reasons advanced by the Commissioner in the memorandum in opposition to plaintiff's statement of errors, and reiterated in the response to plaintiff's objections, the Court concludes that the Commissioner reasonably found that such expertise was not needed here. Plaintiff's inability to walk for any significant distance on uneven surfaces, without more, was not enough to trigger a duty on the Commissioner to call upon a medical expert to determine the issue of whether plaintiff had an impairment that was the medical equivalent of the neurological impairment described in Listing 9.08. The Commissioner was entitled to make a reasonable finding on this issue without further medical evidence and did so here.

For these reasons, the plaintiff's objections to the Report and Recommendation of the Magistrate Judge are OVERRULED, and the Report and Recommendation is ADOPTED. The plaintiff's statement of errors is OVERRULED, the decision of the Commissioner is AFFIRMED, and The Clerk is directed to enter judgment in favor of the defendant Commissioner.

Date: 9-28-2009

Edmund A. Sargus, Jr.
United States District Judge